IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:23-cr-163–HEH |
| | ) |
| ERREZ TEKEL PERRY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Denying Defendant's Motion to Dismiss)**

THIS MATTER is before the Court on Defendant Errez Tekel Perry's ("Defendant") Motion to Dismiss the Indictment (the "Motion," ECF No. 15), filed on February 22, 2024. Count Three of the Indictment (ECF No. 1) charges Defendant with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant moves to dismiss Count Three[1] of the Indictment on the ground that § 922(g)(1) is unconstitutional facially and as applied to him under the U.S. Supreme Court's firearm analysis articulated in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). For the reasons that follow, the Court will deny Defendant's Motion.

## I. BACKGROUND

The Richmond Police Department, Special Investigations Division, obtained a warrant for Defendant's residence as part of a narcotics investigation. (Resp. in Opp'n at 2, ECF No. 16.) On September 19, 2023, Richmond Police Department detectives

---

[1] Defendant's Motion requested that the Court dismiss Count Two of the Indictment. (*See* Mot. at 18.) However, Defendant clarified in his Reply (ECF No. 17) that he is requesting the Court dismiss Count Three. (*Id.* at 1.)

surveilled Defendant's residence and saw his vehicle parked there. (*Id.*) Detectives saw an individual arrive at the residence and knock on the door. (*Id.*) The individual went inside for approximately seven (7) minutes, then went to Defendant's vehicle, took an item out of the front seat, and handed it to the person inside Defendant's residence. (*Id.*) Afterwards, the individual left. (*Id.*)

Around fifteen (15) minutes later, the Virginia State Police tactical team arrived at Defendant's residence. (*Id.*) They knocked, announced, and, after receiving no response, breached the door to the residence. (*Id.*) As the tactical team entered, Defendant ran from an area near the front door to the kitchen in the back of the house, ignoring the officers' verbal commands. (*Id.*) Defendant ran towards the bedroom but was ultimately taken into custody. (*Id.*) He was the only occupant at the time of the search. (*Id.*)

Detectives recovered a semi-automatic handgun and accompanying ammunition from the living room of Defendant's residence. (*Id.*) In the kitchen, detectives recovered various drugs and drug paraphernalia, along with additional ammunition. (*Id.* at 3.) Finally, Detectives found a pistol and magazine loaded with ammunition in the bedroom. (*Id.*) Defendant's prior felony convictions include: (1) Possession with Intent to Distribute Crack Cocaine in January 2011; (2) Distribution of Cocaine in November 2011; (3) Possession of a Firearm while in Possession of a Schedule I or II Controlled Substance in November 2011; (4) Possession of a Schedule I or II Controlled Substance in November 2011; (5) Possession of Percocet in November 2011; (6) Possession of Crack Cocaine in December 2011; (7) Possession of a Firearm while in Possession of a

Schedule I or II Controlled Substance in December 2011; (8) Possession with Intent to Distribute Heroin in February 2015; and (9) Possession of Firearms and Ammunition by a Convicted Felon in February 2015. (Pretrial Services Report at 4–9, ECF No. 9.)

On December 12, 2023, a grand jury indicted Defendant in a three-count Indictment, charging him with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); Possession of Firearms in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c) (Count Two); and Possession of Firearms after Felony Conviction, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Indictment at 1–2.) Defendant was arraigned on January 19, 2024, and entered a plea of not guilty. (Minute Entry at 1, ECF No. 14.) He requested trial by jury which is set to begin on March 13, 2024. (*Id.*)

Defendant now moves to dismiss Count Three of the Indictment as violating his Second Amendment right to keep and bear arms. (Mot. at 1; Reply at 1.) He argues that § 922(g)(1) is unconstitutional under the *Bruen* firearm analysis. (Mot. at 1–2.) The Government filed its Response in Opposition to the Motion on March 4, 2024. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and the parties agree that oral argument would not aid in the decisional process. *See* E.D. VA. LOC. CRIM. R. 47(J); (Reply at 1). The Court will deny the Motion for the reasons that follow.

## II. LEGAL STANDARD

Title 18 U.S.C. § 922(g)(1) makes it unlawful for a convicted felon to possess a

3

firearm or ammunition. It states in full:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Defendant brings both a facial and an as-applied challenge to the constitutionality of § 922(g)(1) pursuant to Federal Rule of Criminal Procedure 12 which permits parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1).

### III. DISCUSSION

Defendant asserts that this Court must dismiss Count Three of the Indictment because § 922(g)(1) is unconstitutional under the *Bruen* analysis. (Mot. at 3–17.) However, the Government argues that the Court is bound by the Fourth Circuit's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012), and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012), which upheld § 922(g)(1) as "presumptively lawful." (Resp. in Opp'n at 26–28.) Defendant argues that *Heller*, *Moore*, and *Pruess* do not survive *Bruen* and that this Court must engage in the *Bruen* analysis. (Mot. at 3–6; Reply at 1–7.)

Regarding Defendant's facial challenge, this Court has already considered and denied the arguments that Defendant presents. *See United States v. Perry*, No. 3:23-cr-106-HEH, 2023 WL 8809918 (E.D. Va. Dec. 20, 2023). The Motion at hand presents no new arguments that would cause the Court to deviate from its prior analysis.

4

Accordingly, the Court adopts its prior reasoning articulated in *Perry*. *Id.* at *2–6. Defendant's facial challenge will be denied.

Defendant's as-applied challenge to § 922(g)(1) also fails. This Court has held that *Moore* and *Pruess* remain binding precedent. *Perry*, 2023 WL 8809918, at *6. Like in *Pruess*, Defendant, due to his nine (9) prior felony convictions involving serious drugs and gun charges, "cannot rebut the presumption of lawfulness of the felon-in-possession prohibition as applied to him." 703 F.3d at 246. Thus, Defendant's as-applied challenge will be denied.

## IV. CONCLUSION

Bound by the presumptive lawfulness of longstanding prohibitions on the possession of firearms by felons under *Heller*, and the Fourth Circuit's reasoning in *Moore* and *Pruess*, the Court will deny Defendant's Motion to Dismiss. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 11, 2024
Richmond, Virginia