IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERREZ TEKEL PERRY,<br><br>Defendant. | Case No. 3:23-cr-163-HEH |

## STATEMENT OF FACTS

The United States and the defendant, ERREZ TEKEL PERRY (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about September 19, 2023, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, ERREZ TEKEL PERRY, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

2. On or about September 19, 2023, ERREZ TEKEL PERRY, did knowingly possess firearms in and affecting interstate commerce after knowingly having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), to wit:  an FN Five-Seven, 5.7 caliber semiautomatic pistol, bearing serial number 386443423; and a Century Arms, Model BFT47, 7.62 caliber semiautomatic pistol, bearing serial number BFT47P01039.

3. The Richmond Police Department, Special Investigations Division was conducting a narcotics investigation involving the defendant and others.  As a result of that

1

investigation, detectives obtained a search warrant for a residence utilized by the defendant. On the morning of September 19, 2023, the detectives conducted surveillance at defendant's residence and observed a vehicle defendant had been seen operating parked at the residence. During their surveillance, detectives saw an individual pull up in a vehicle, and knock on the door of the residence. The door opened and the individual went inside where he remained for approximately 7 minutes. The individual then exited the residence and went to the vehicle defendant had been seen operating, took something out of the front seat and handed it to the person inside the residence. The individual then left. Approximately 15 minutes later, Virginia State Police tactical team arrived at the residence, knocked, announced and after there was no answer at the door, breached the door to defendant's residence.

4. As the entry team entered the residence, defendant ran from the front door area to the kitchen which is toward the rear of the residence. The entry team gave the defendant verbal commands, which defendant ignored. Defendant then ran toward the bedrooms in the house and was taken into custody. He was the sole occupant of the residence at the time the search warrant was executed.

5. From the residence, detectives recovered an FN Five-Seven, 5.7 caliber semiautomatic pistol, bearing serial number 386443423 from a table next to a couch in the living room, approximately three to four feet from the front door. On the floor in the hallway agents recovered defendant's pants that had U.S. currency in the pocket and green plant material. Also from the living room, detectives recovered ammunition for the FN Five-Seven handgun on the table and a DVR camera console for surveillance cameras that were setup to cover all angles of the outside of the residence and display on the television monitor in the living room.

6. From the kitchen, detectives recovered drugs, baggies with residue, digital scales,

baggies with numerous pills, several baggies of suspected marijuana (approximately 200 grams), approximately 64 grams of cocaine, packages of Suboxone, 7.62 x 39 ammunition, 7.62 x 25 ammunition, additional calibers of other ammunition, 2 drum ammunition magazines, a cash counter and an LG cellphone recovered from the trash can.

7. From the bathroom, detectives recovered U.S. currency and an Apple iPhone from the bathroom floor. From the bedroom, detectives recovered a 7.62 x 39 Century Arms Pistol bearing serial number BFT47P01039 and a magazine loaded with 7.62 x 39 ammunition.

8. Both firearms recovered from defendant's residence were manufactured outside of the Commonwealth of Virginia and therefore, travelled in interstate commerce prior to defendant's possession of them on September 19, 2023.

9. On February 17, 2012, the Circuit Court for the City of Richmond Virginia convicted the defendant of (1) felony distribution of cocaine and sentenced the defendant to 10 years of incarceration with 9 years and 4 months suspended and (2) possession of a firearm while in possession of a Schedule I/II controlled substance and sentenced the defendant to 10 years of imprisonment, all of which was suspended. On July 15, 2015, this Court convicted the defendant of possession with intent to distribute heroin and possession of firearms and ammunition by a convicted felon and sentenced the defendant to 60 months of incarceration.

10. The suspected narcotics were submitted to the Drug Enforcement Administration Mid-Atlantic laboratory where they were determined to be 0.349 gram of oxycodone; 62.645 grams of cocaine, a Schedule II controlled substance and 1.469 grams of bromazolam. Defendant possessed the cocaine with the intent to distribute it.

11. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact

3

known to the defendant or to the United States, and it is not intended to be a full enumeration of all the facts surrounding the defendant's case.

12. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: March 27, 2024  By: _____
Olivia L. Norman
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ERREZ TEKEL PERRY, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ERREZ TEKEL PERRY

I am the attorney for the defendant in this case. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Carolyn V. Grady, Esq.
Attorney for ERREZ TEKEL PERRY

4